EXHIBIT A TO SC LBR 3015-2

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br>**CHRISTOPHER ROBIN SPIRES**<br>**CHARITY WILSON SPIRES**<br><br><br><br><br>DEBTOR(S) | CASE NO: **17-00025-dd**<br>CHAPTER: **13**<br><br>NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

I. NOTICE TO AFFECTED CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor[1] previously proposed a chapter 13 plan and motions; debtor now moves, pursuant to 11 U.S.C. § 1323 and Fed. R. Bankr. P. 2002(a)(5), to modify the proposed plan and motions as detailed below:

*Amended plan to list mortgage company name and to surrender interest to Regional Finance for the 2006 Ford F150*

This modification to the chapter 13 plan and motions, and the remaining terms of the chapter 13 plan and motions set forth below, may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

*A. (Beginning with paragraph (I)(A) repeat text of Exhibit A to SC LBR 3015-1 hereafter)*

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

**EXHIBIT A TO SC LBR 3015-1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>**CHRISTOPHER ROBIN SPIRES**<br>**CHARITY WILSON SPIRES** | CASE NO: **17-00025-dd**<br>CHAPTER: 13<br><br>NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

      A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

      B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II.    MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of senior/ unavoidable liens | Applicable Exemption- and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| | | | | | | |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| | | | | | |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| | | | | |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of $ __999__ per month for a period of __60__ months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

---

[2] For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated a,s unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payment as follows:

    A. <u>Attorney for the debtor</u>:

        1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $ **3,500** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **0** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

        2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

    B. <u>Secured Creditor Claims</u>: The plan treats secured claims as follows:

        1. <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the

---

[3]     The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2. Long-term or mortgage debt. No default: The debtor is current on obligations to **Rushmore Loan Management** and will continue regular payments directly to that creditor. Description of collateral

*Debtor(s) will seek loss mitigation/mortgage modification on the mortgage loan secured by 2314 Old Barnwell Road, Lexington, SC 29073. No payment will be made by the Trustee on this secured claim. If a loan modification request is not approved within 120 days of the entry of an order lifting the stay to allow loss mitigation, then the stay may be lifted on 2314 Old Barnwell Road, Lexington, SC 29073 and the creditor may send any required notice to Debtor(s) and proceed with its remedies against the collateral.*

    3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):
        a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to_____
at the rate of $ _____ or more per month, for____,
along with (**0**)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

        b. Maintenance of regular non-arrearage payments. Beginning_____,
the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

    4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay ___ the sum of $ ___ or more per month, along with **5.25** % interest until the secured claim of $_ established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

    5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): The trustee shall pay **American Credit Acceptance** the sum of $ **347** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

The trustee shall pay **Motolease Titling** the sum of $ **68** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

The trustee shall pay **Santander Consumer** the sum of $ **320** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

    6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Regional Finance: Debtors to surrender interest in 2006 Ford F150**. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

    7. Secured tax debt: The trustee shall pay (creditor name) the sum of $ (payment amount)

or more per month until the (net balance or value) of creditor's secured claim plus (percentage) % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. Priority Creditors: Priority claims shall be paid as follows:

    1. Domestic Support Claims. 11 U.S.C. § 507(a)(1):
        a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

        b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

        c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case wasfiled must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. §1322(a)(2).)

    2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ _____ or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **(does not)** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Pay order request or other plan provisions not inconsistent with the above:
**AFLAC**
**ATTN: PAYROLL DEPARTMENT FOR CHARITY SPIRES**
**2801 DEVINE STREET**
**COLUMBIA, SC 29205**

Date: March 20, 2017                    BY: /s/ Jason T. Moss
                                            Attorney for the Debtor/*Pro Se* Debtor
                                            District Court I.D.# 7240

/s/ Christopher Robin Spires            /s/ Charity Wilson Spires
Debtor                                  Debtor

### CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 17-00025-dd<br>District of South Carolina<br>Columbia<br>Mon Mar 20 15:26:13 EDT 2017 | AMERICAN CREDIT ACCEPTANCE<br>PO BOX 204531<br>Dallas TX 75320-4531 | ATLANTIC CREDIT & FINANCE<br>PO BOX 11887<br>Roanoke VA 24022-1887 |
| ATTORNEY GENERAL OF UNITED STATES<br>950 PENNSYLVANIA AVE, NW<br>Washington DC 20530-0001 | American Credit Acceptance<br>961 E. Main Street<br>Spartanburg, SC 29302-2185 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | GE CAPITAL<br>PO BOX 965033<br>Orlando FL 32896-5033 | GLASS MOUNTAIN CAP<br>1930 THOREAU DRIVE<br>SUITE 100<br>SCHAUMBURG IL 60173-4179 |
| IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | LEXINGTON COUNTY<br>212 SOUTH LAKE DRIVE<br>Lexington SC 29072-3495 | LEXINGTON COUNTY MAGISTRATE<br>111 LINCREEK DRIVE<br>Columbia SC 29212-8102 |
| LEXINGTON MEDICAL CENTER<br>PO BOX 100273<br>Columbia SC 29202-3273 | MIDLAND CREDIT MANAGEMENT<br>PO BOX 60578<br>Los Angeles CA 90060-0578 | MOSS & ASSOCIATES, ATTORNEYS, P.A.<br>816 ELMWOOD AVENUE<br>Columbia SC 29201-2027 |
| MOTOLEASE LLC<br>JOEL KWAN<br>5200 W CENTRURY BLVD STE 750<br>LOS ANGELES CA 90045-5928 | MOTOLEASE TITLIN TRUST<br>10866 WILSHIRE BLVD<br>SUITE 565<br>Los Angeles CA 90024-4350 | Midland Funding, LLC<br>Midland Credit Management, Inc. as<br>agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Jason T. Moss<br>Moss & Associates, Attorneys, P.A.<br>816 Elmwood Avenue<br>Columbia, SC 29201-2027 | NATIONWIDE CREDIT<br>PO BOX 26314<br>Lehigh Valley PA 18002-6314 | NORTHLAND GROUP<br>PO BOX 390846<br>Minneapolis MN 55439-0846 |
| ORANGEBURG COUNTY CLUB<br>PO BOX 1105<br>Orangeburg SC 29116-1105 | QUALIA COLLECTION SERVICES<br>PO BOX 4699<br>Petaluma CA 94955-4699 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| REGIONAL FIANNCE<br>910 DUTCH SQUARE BLVD<br>SUITE 102<br>Columbia SC 29210 | REGIONAL MANAGEMENT CORPORATION<br>979B BATESVILLE Rd.<br>GREER, SC 29651-6819 | ROGERS TOWNSEND & THOMAS<br>PO BOX 100200<br>Columbia SC 29202-3200 |
| RUSHMORE LOAN MANAGEMENT<br>PO BOX 52708<br>Irvine CA 92619-2708 | SANTANDER CONSUMER<br>PO BOX 560284<br>Dallas TX 75356-0284 | SANTANDER CONSUMER USA, INC.<br>P.O. BOX 560284<br>DALLAS, TX 75356-0284 |

SC DEPT OF REVENUE
PO BOX 12265
Columbia SC 29211-2265

Pamela Simmons-Beasley
250 Berryhill Road
Suite 402
Columbia, SC 29210-6466

Charity Wilson Spires
2314 Old Barnwell Road
Lexington, SC 29073-8883

Christopher Robin Spires
2314 Old Barnwell Road
Lexington, SC 29073-8883

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

US ATTORNEY'S OFFICE
ATTN DOUG BARNETT
1441 MAIN ST STE 500
Columbia SC 29201-2862

WELLS FARGO DEALER SERVICES
PO BOX 17900
Denver CO 80217-0900

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Pamela Simmons-Beasley
250 Berryhill Road
Suite 402
Columbia, SC 29210-6466

End of Label Matrix
Mailable recipients    36
Bypassed recipients     1
Total                  37